ADAMS, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DAMARIOUS WALKER, | ) | CASE NO.  5:06CV1232 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| RENT-A-CENTER, et al., | ) | AND ORDER |
| | ) | [RESOLVING DOC. 109] |
| Defendants. | ) | |

This action asserting claims pursuant to 42 U.S.C. § 1981 and Ohio Rev. Code §§ 1345.03 and 4112.02, and for breach of contract and tortious breach of contract is before the Court upon the Report and Recommendation (Doc. 107) of a magistrate judge of this Court.

On September 11, 2007, the above-entitled action was referred to Magistrate Judge Patricia A. Hemann pursuant to 28 U.S.C. § 636 and Local Rules 72.1 and 72.2(a) for a report containing proposed findings and a recommendation for disposition of defendants Rent-A-Center and Frank Guiser's Motion for Summary Judgment (Doc. 98).

The Court has reviewed *de novo* the Report and Recommendation, filed on September 25, 2007.  The Court has considered plaintiff's Objection (Doc. 109) and defendants' Response (Doc. 111).  The Court finds that the report and recommendation is well-supported and that the plaintiff's objection is without merit.  The Court agrees with the conclusions of the magistrate judge that defendants' Motion for Summary Judgment should be granted because: (1) Walker cannot prevail in his cause of action brought pursuant to 42 U.S.C. § 1981 because the three-way conversation at issue did not involve his making or enforcing *his* contract with the defendants; (2) Walker does not oppose summary judgment as to his Ohio Rev. Code § 4112.02

claim; (3) even if one assumes that the Tables Lease-Purchase Agreement was a "consumer transaction" within the meaning of Ohio Rev. Code § 1345.01(A), Walker was not a "consumer" with respect to that transaction; and, (4) as Walker did not have a contract relevant to the conduct constituting the alleged breach, he cannot assert an action for breach of contract or for tortious breach of contract based on that conduct.  The Court adopts the findings of fact and conclusions of law of the magistrate judge as its own.  Therefore, the Report and Recommendation is hereby ADOPTED and the plaintiff's objection is OVERRULED. Accordingly,

Defendants' Rent-A-Center and Frank Guiser's Motion for Summary Judgment (Doc. 98) is GRANTED upon the grounds that there is no genuine issue as to any material fact and the movants are entitled to a judgment as a matter of law.

Finally, the Court hereby DISMISSES without prejudice the plaintiff's allegations against the "John Doe" defendant, as service of process, and, by extension the institution of a lawsuit, cannot be effected on fictitious persons.  Furthermore, the plaintiff is advised that bringing a complaint against John and/or Jane Doe defendants does not toll the statute of limitations as to those parties.  *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir.), *cert. denied*, 519 U.S. 821 (1996); *Bufalino v. Michigan Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968), *cert. denied*, 394 U.S. 987 (1969).


IT IS SO ORDERED.


 October 19, 2007                                          /s/ John R. Adams
Date                                                       John R. Adams
                                                           U.S. District Judge

2